**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brian Keith Pippitt,　　　　　　　　　　　　　　Civ. No. 08-4929 (ADM/JJK)

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
Warden Terry Carlson,

　　　　　Respondent.

Brian Keith Pippitt, #133326, 7600 525th Street, Rush City, MN 55069, *pro se*.

Kimberly R. Parker, Minnesota Attorney General's Office, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

　　　　This matter is before the undersigned United States Magistrate Judge on Petitioner Brian Keith Pippitt's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), and on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 20). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Respondent's motion to dismiss the Petition be granted, the Petition be denied, and this action be dismissed with prejudice.

## I.　　INTRODUCTION

　　　　On February 2, 2001, a jury convicted Petitioner of first-degree

premeditated murder in violation of Minn. Stat. § 609.185(1) (2000) and first-degree murder while committing burglary in violation of Minn. Stat. § 609.185(3) (1996).  (Doc. No. 21, App. to Resp't's Mem. in Supp. of Mot. to Dismiss Pet. for Writ of Habeas Corpus ("Resp't's App."), Ex. 21 at 4); *see State v. Pippitt* ("*Pippitt I*"), 645 N.W.2d 87, 89 (Minn. 2002).  The state district court entered convictions for both crimes and sentenced Petitioner to two concurrent life sentences.  *Pippitt I*, 645 N.W.2d at 89.  Petitioner appealed directly to the Supreme Court of the State of Minnesota, challenging his conviction on several grounds.  *Id.*  The Minnesota Supreme Court affirmed Petitioner's conviction for first-degree premeditated murder, *id.* at 96, and entered judgment on July 15, 2002.  (Resp't's App., Ex. 5.)

On July 18, 2005, Petitioner filed a petition for post-conviction relief pursuant to Minn. Stat. § 590.01, subd. 1.  (Resp't's App., Ex. 6.)  On September 13, 2006, the Aitkin County District Court denied this petition for collateral review of Petitioner's premeditated murder conviction.  (Doc. No. 3 at 3; Resp't's App., Ex. 15.)  Petitioner appealed that decision to the Minnesota Supreme Court on November 6, 2006 (Resp't's App., Ex. 21 at 5), and the Minnesota Supreme Court affirmed the denial of post-conviction relief on August 16, 2007.  *Pippitt v. State* ("*Pippitt II*"), 737 N.W.2d 221, 231 (Minn. 2007).  The Minnesota Supreme Court thereafter entered judgment on October 25, 2007.  (Resp't's App., Ex. 20.)

On August 12, 2008,[1] Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 1.) In the Petition, he alleges that his conviction violates his constitutional rights because: (1) he was denied effective assistance of counsel; (2) he was denied a fair trial, and due process of law; and (3) the prosecution failed to disclose favorable evidence to the defense. On September 26, 2008, this Court ordered Respondent to answer or otherwise respond to the Petition (Doc. No. 7), and, pursuant to that Order, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus on January 13, 2009. (Doc. No. 20.)

## II.  DISCUSSION

Title 28, section 2244 of the United States Code provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of the following events:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]  The first entry on the docket in this matter reflects a date of August 14, 2008, as the date on which the Petition was filed. It appears that this is the date the Petition was received by the Clerk of Court. But "'a *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of court.'" *See Riddle v. Kemna*, 523 F.3d 850, 852 n.1 (8th Cir. 2008) (quoting *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999)). Here, Petitioner has indicated that he filed his Petition on August 12, 2008, and the envelope in which the Petition was submitted was postmarked August 13, 2008. Based on the file, and all the records and submissions therein, this Court finds that the Petition was filed on August 12, 2008.

3

>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." is excluded from the calculation of the limitation period. 28 U.S.C. § 2244(d)(2).

There is nothing in the Petition to suggest that the triggering events mentioned in subparagraphs (B)-(D) are implicated in this case. There is no suggestion that any impediment existed under state law to prevent Petitioner's timely filing of a habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does the Petition raise an issue regarding either a newly recognized and retroactively applicable right, § 2244(d)(1)(C), or newly discovered evidence that could not have been earlier discovered. § 2244(d)(1)(D). Thus, the triggering event provided in 28 U.S.C. § 2244(d)(1)(A)—the date of final judgment at the conclusion of direct review—is applicable to the limitations period for the instant Petition.

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period begins to run on either the date judgment becomes final by the conclusion of direct review or the date when the opportunity to seek such review expires.  As the Eighth Circuit has concluded:

> the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).  Based on the record before this Court, Petitioner did not seek certiorari review by the United States Supreme Court following the entry of judgment by the Supreme Court of Minnesota in *Pippitt I* on July 15, 2002.  Thus, the limitations period under § 2244(d)(1)(A) within which Petitioner could seek habeas relief began to run at the expiration of the time allotted for filing a petition for the writ of certiorari to review his conviction for first-degree murder.  See *Smith*, 159 F.3d at 348.

According to the Rules of the Supreme Court of the United States, a party has 90 days from the entry of judgment by a state court of last resort to petition for a writ of certiorari.  Sup. Ct. R. 13.1.  The limitations period in this matter was therefore triggered under § 2244(d)(1)(A) on October 14, 2002—the date Petitioner's opportunity to file a certiorari petition with the United States Supreme Court expired.  Thus, the filing of the Petition in this case on August 12, 2008, was untimely under 28 U.S.C. § 2244(d)(1)(A), and the Petition should be

5

denied.

Petitioner argues that the "date of final judgment" in this matter is August 16, 2007, when the Minnesota Supreme Court affirmed the denial of his petition for post-conviction relief.  (Doc. No. 5.)  Petitioner's argument, however, misconstrues the meaning of 28 U.S.C. § 2244(d)(1)(A).  That provision indicates that the limitations period begins to run on the date when judgment becomes final by the conclusion of "direct review."  *Id.*  The proceedings concerning the state post-conviction petition that Petitioner filed on July 18, 2005, are not proceedings that are considered a part of direct review for the purposes of the one-year limitations period under that provision.  *Compare* 28 U.S.C. § 2244(d)(1)(A) (establishing the conclusion of "direct review" or the opportunity to pursue direct review as the triggering event for the running of the limitations period), *with* 28 U.S.C. § 2244(d)(2) (permitting tolling of the limitations period while a "State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Further, the tolling provision of 28 U.S.C. § 2244(d)(2) does not aid Petitioner in this case either.  The limitations period had already expired by the time Petitioner filed his state post-conviction petition in July 2005.  In fact, well over two years had passed after the time allotted for filing a petition for certiorari expired in October 2002, before Petitioner filed his state post-conviction petition.  The tolling provision in § 2244(d)(2) excludes only the time during which a state post-conviction or other collateral review is pending, but it does not start the

limitations period running anew. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date the direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."); *Buggs v. Dingle*, Civil No. 08-236 (JRT/JJG), 2008 WL 1776572, at *4 (D. Minn. Apr. 16, 2008) (concluding that post-conviction petition filed after the expiration of the statute of limitations could not save a habeas petition from being time-barred).

Finally, there is nothing in the record to suggest that application of the doctrine of "equitable tolling" is appropriate here. In order to invoke the doctrine, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *See Earl v. Fabian*, __ F.3d __, No. 07-3544, 2009 WL 426063, at *3-4 (8th Cir. Feb. 23, 2009) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). No such extraordinary circumstances exist in this case; nor has Petitioner diligently pursued his rights. *See id.* at *5-6 (concluding that a state created delay in providing notice of a petitioner's judgment of conviction amounted to an extraordinary circumstance under the doctrine of equitable tolling, but declining to apply that doctrine where the petitioner failed to diligently pursue his rights).

In conclusion, because the Petition in this case is time-barred, this Court recommends that the Respondent's motion to dismiss be granted, the Petition be denied, and this action be dismissed with prejudice.

### III.     RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 20) be **GRANTED**;

2. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.


Date: February 25, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 16, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.